UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUN -1  P 4: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| DEURWARD L. HUGHES, MD, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 04 10564 DPW |
| MARTHA'S VINEYARD HOSPITAL ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT MARTHA'S VINEYARD HOSPITAL

Defendant Martha's Vineyard Hospital ("Defendant") hereby answers the Complaint of Plaintiff Deurward L. Hughes, MD ("Plaintiff") as follows:

1. Paragraph 1 merely characterizes the Complaint and requires no response.

2. Paragraph 2 of the Complaint sets forth a legal conclusion to which no responsive pleading is required.

### The Parties

3. Defendant lacks knowledge or information sufficient to form a belief as to the current residency of Plaintiff. Defendant admits that Plaintiff is a former employee of Defendant.

4. Defendant denies that it is doing business in Tisbury, Massachusetts. Defendant admits that it is a hospital doing business in Oak Bluffs, Massachusetts.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

3699363v2

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint, except Defendant admits that in or about January 1, 2001, Defendant and Plaintiff entered into a coverage arrangement whereby Plaintiff would cover the OB/GYN practice of Dr. Jason Lew.

7. Defendant admits that it entered into an employment agreement ("the Agreement") with Plaintiff that commenced on April 1, 2001. To the extent that the remaining allegations in Paragraph 7 attempt to characterize the Agreement, the document speaks for itself, and the allegations do not require an admission or denial.

8. To the extent that the first sentence of Paragraph 8 attempts to characterize the Agreement, the document speaks for itself, and the allegations do not require an admission or denial. Defendant admits that at the time Plaintiff was hired, Dr. Lew was the only OB/GYN in practice on Martha's Vineyard. Defendant further admits that Dr. Lew is white and younger than Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 8, and therefore denies the same.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint, except Defendant admits that the medical staff wished to monitor Plaintiff in the operating room and review his cases.

12. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint, except Defendant admits that Dr. McArthur performed one evaluation of Plaintiff, and that it did not conduct another evaluation.

15. Defendant admits that the American College of Obstetricians and Gynecologists ("ACOG") performed a review of Defendant and prepared a report (the "Report") of its findings. To the extent Paragraph 15 attempts to characterize the Report, the document speaks for itself, and the allegations do not require an admission or denial. Defendant admits that it requested that Plaintiff supervise Dr. Lew for a short period of time following receipt of the Report.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint, except Defendant admits that Dr. Lew remained on the staff after Plaintiff's employment contract was terminated, and affirmatively states that Plaintiff did so as well. Answering further, Defendant states that Dr. Lew's staff privileges lapsed on February 29, 2004 and that he did not reapply for such privileges.

17. Defendant admits the allegations contained in the first sentence of Paragraph 17. Defendant lacks knowledge or information sufficient to form as a belief as to the truth of the allegations contained in the second sentence of Paragraph 17. Defendant admits the allegations contained in the last sentence of Paragraph 17 of the Complaint. Answering further, Defendant states that the Hospital had no authority to discipline one physician for refusing to cover another.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint, except Defendant admits that at one time it drafted a Medical Quality Improvement Plan (the

"Plan"), established a Committee to conduct peer reviews, and sought to review some of Plaintiff's cases. To the extent the allegations in Paragraph 18 attempt to characterize the Plan, the document speaks for itself and the allegations do not require an admission or denial.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint, but affirmatively states that Kevin Burchill resigned on or about March 25, 2002.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint, except, Defendant lacks information or knowledge sufficient for it to form a belief as to whether the advertisement ran on April 1, 2003.

22. Defendant admits that Plaintiff contacted the recruiter listed in the advertisement for the position of obstetrician/gynecologist. Answering further, Defendant admits that Plaintiff was informed that he would be allowed to interview for the job, but affirmatively states that Plaintiff never requested such an interview.

23. Defendant states that it has not been able to locate any record of an advertisement placed on July 15, 2003. Defendant admits that there is presently not a Chairperson of the OB/GYN Department.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits that on August 12, 2003, it gave notice to Plaintiff, in accordance with the terms of the Agreement, that it was terminating Plaintiff's employment with Defendant effective February 10, 2004.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in the first and second sentences of Paragraph 29 of the Complaint. Defendant admits the allegations contained in the third and fourths sentences of Paragraph 29, but states that there was a minority member of the Board of Trustees until April 2003. Defendant admits the allegations contained in the fifth sentence of Paragraph 29 of the Complaint. Answering further, Defendant affirmatively states that there are minorities on its staff and that it employs other minority employees who do not work on the custodial staff.

30. Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in Paragraph 33 of the Complaint.

Count I – ADEA
(Age Discrimination)

34. Defendant hereby repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1-33 of the Complaint.

35. Defendant admits that Plaintiff was over 40 years old. Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

### Count II – MGL c. 151B
### (Age Discrimination)

39. Defendant hereby repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1-38 of the Complaint.

40. Defendant admits that Plaintiff was over 40 years old. Defendant denies the remaining allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

### Count III – 42 U.S.C. § 2000e-2
### (Race Discrimination)

44. Defendant hereby repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1-43 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

### Count IV – 42 U.S.C. § 1981
### (Race Discrimination)

48. Defendant hereby repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1-47 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

### Count V – M.G.L. c. 151B
### (Race Discrimination)

54. Defendant hereby repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1-53 of the Complaint.

55. Defendant admits that Plaintiff is an African-American. Defendant denies the remaining allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

### Prayers For Relief

Defendants deny that Plaintiff is entitled to recover any of the relief he seeks in his Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the arbitration provision of his Agreement with Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Plaintiff's own breaches of the Agreement and by the doctrines of waiver, laches and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he cannot make out a *prima facie* case of age discrimination.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he cannot make out a *prima facie* case of race discrimination.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant did not interfere with Plaintiff's right to make and enforce contracts.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any proposed or actual employment actions affecting him were based on legitimate, non-discriminatory reasons.

### EIGHTH AFFIRMATIVE DEFENSE

Some of all of the damages sought by Plaintiff are not recoverable as a matter of law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages which he has allegedly suffered.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief demanded in the Complaint or to any other relief. Accordingly, Defendant respectfully requests that this Court dismiss the Complaint against it with prejudice, enter judgment for Defendant, and award

Defendant its costs, attorneys' fees, expenses and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

MARTHA'S VINEYARD HOSPITAL

By its attorneys,

*/s/ Jennifer A. Brennan*

Thomas E. Shirley, Esq. (BBO # 542777)
Jennifer A. Brennan (BBO #647356)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, Massachusetts 02109
(617) 248-5000

Dated: June 1, 2004

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY (MAIL)/HAND ON 6/1/04