# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEURWARD L. HUGHES, MD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04 10564 DPW |
| ) | |
| MARTHA'S VINEYARD HOSPITAL ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STIPULATION AND CONFIDENTIALITY ORDER**

Documents produced in this action may include documents and information which are personal, confidential and/or sensitive in nature. The parties agree that any such documents and information produced by Martha's Vineyard Hospital (the "Hospital") or Deurward Hughes ("Hughes"), will be subject to the terms and conditions set forth in this Joint Stipulation of Confidentiality (the "Joint Stipulation"). Accordingly, IT IS HEREBY AGREED THAT:

1. This Joint Stipulation shall govern the handling and treatment of all confidential, trade secret, or proprietary documents, materials and other information, including deposition testimony and deposition transcripts, which are produced or provided in the course of discovery and preparation for trial in this action.

2. Documents produced and information obtained from such documents designated as "CONFIDENTIAL" under the provisions of this Joint Stipulation shall be used solely for purposes of the preparation and hearing of this action, for any related appellate proceeding, and for no other purpose absent the prior written consent of the Producing Party.

3. For the purposes of this Stipulation, "CONFIDENTIAL MATERIAL" shall

include the documents or information designated as Confidential pursuant to Paragraph 5, documents clearly marked (or listed) by Plaintiff as containing confidential material, and/or any copies, portions, summaries, analyses or excerpts of such documents or information.

4. For purposes of this Joint Stipulation, the words "document" and "documents" shall mean all written or electronic documents, data, materials, videotapes, and other tangible items, and all information contained therein or that can be derived there from.

5. A Party may designate as "CONFIDENTIAL" any document or information (including discovery responses or portions thereof), not known to the general public, which that Party, in good faith, deems to incorporate or embody confidential, trade secret, or proprietary commercial information. Such designation shall be made at the time of delivery of a copy of the document or information to the Receiving Party. The designation "Confidential" shall be made by stamping or writing the words "CONFIDENTIAL" on the face of the copy of the document or information delivered to the Receiving Party.

6. A Party or participating non-party may designate any deposition transcript or portion thereof as "CONFIDENTIAL" by so stating on the record or by giving notice in writing to the other Parties and participating non-parties within thirty (30) calendar days of receipt of the deposition transcript, prior to which time all deposition transcripts shall be treated by the Parties as CONFIDENTIAL MATERIAL in their entirety. Whenever CONFIDENTIAL MATERIAL is expected to be disclosed in a deposition, the Producing Party or participating non-party shall have the right to exclude from attendance at the deposition every person except the deponent, the stenographer, and those individuals authorized under Paragraph 7 of this Joint Stipulation to receive the CONFIDENTIAL MATERIAL. All designations of confidentiality shall be made

reasonably and in good faith. Those portions of a transcript constituting CONFIDENTIAL MATERIAL shall be separately bound and marked by the stenographer or court reporter.

7. CONFIDENTIAL MATERIAL, and any information obtained from such material, may be used solely for the purpose of prosecuting or defending this action. Access to CONFIDENTIAL MATERIAL and the information it contains or reflects shall be strictly limited to:

    (a) Attorneys and secretarial and paralegal personnel of the law firms representing the Plaintiff and the Defendant in this action;

    (b) The Plaintiff;

    (c) The Defendant;

    (d) Outside witnesses, consultants, advisors, plaintiff's spouse, and/or experts, subject to the provisions of Paragraph Eight; and

    (e) Any other person whom the producing party agrees to in writing.

8. CONFIDENTIAL MATERIAL may be made available to witnesses, consultants, advisors, plaintiff's spouse, or expert witnesses for the purposes of prosecuting or defending this action, provided however, that before delivering CONFIDENTIAL MATERIAL to the witness, consultant, advisor, plaintiff's spouse, or expert, the party's counsel shall obtain from the witness, consultant, advisor, plaintiff's spouse, or expert an assurance in the form attached hereto as Exhibit A. Counsel shall maintain such assurances in a segregated file together with counsel's representation as to the date upon which each witness, consultant, advisor, plaintiff's spouse, or expert was shown CONFIDENTIAL MATERIAL.

9. Nothing herein shall prohibit either of the parties:

    (a) from using Discovery Materials designated "CONFIDENTIAL" or from referring to or reciting any information contained in such materials, in connection with any

trial, hearing, motion, or other proceeding in this action;

(b) from seeking further protection with respect to the use of any Confidential Materials.

10. Nothing contained in this Stipulation and Confidentiality Order shall be construed to prejudice any party's right to use in open court any information or documents covered by this Stipulation and Confidentiality Order. Any party submitting CONFIDENTIAL MATERIAL to the Court shall identify such information as being subject to this Stipulation and Confidentiality Order and shall make reasonable efforts to provide sufficient notice to allow any party claiming said documents are confidential to request that the CONFIDENTIAL MATERIAL be impounded by the Court, pursuant to Local Rule 7.2, for an appropriate period of time.

11. In the event that any CONFIDENTIAL MATERIAL is, either intentionally or inadvertently, disclosed to someone not authorized to receive such material under this Stipulation, or if a person so authorized breaches any of his or her obligations under this Stipulation, counsel of record of the party involved immediately shall disclose the unauthorized disclosure or breach to the producing party's counsel of record, and also shall use his or her best efforts to obtain the return of all copies of the CONFIDENTIAL MATERIAL and to prevent any further disclosures of the same.

12. Every person receiving CONFIDENTIAL MATERIAL pursuant to this Order shall use the same solely for purposes of this action, and shall not use, sell, offer to sell, make available, communicate or give the same or its substance in whole or part to any other person, firm or organization, except in accordance with this Stipulation.

13. By making information and documents designated as CONFIDENTIAL MATERIAL available for use in this action, the producing party has not waived or compromised

the confidentiality or protectability of the same.

14. All provisions of this agreement shall apply equally to documents produced by the Plaintiff, Deurward Hughes, which Plaintiff believes in good faith constitute, contain or reflect confidential information. Any and all such documents which fall under the provisions of this agreement shall be clearly identified by the Plaintiff and shall be subject to the same protections as those marked CONFIDENTIAL.

15. A party may object to the designation of particular material or information as CONFIDENTIAL MATERIAL by giving written notice to the party designating such information. Any such written notice shall identify the information to which the objection is directed. If the status of the information cannot be resolved by the parties, it shall be the obligation of the party seeking to challenge the CONFIDENTIAL designation to file an appropriate motion requesting that the Court rule that the disputed information should not be subject to the terms of this Stipulation and Confidentiality Order. Notwithstanding the prior sentence, the burden of proof in establishing the need for preserving the confidentiality shall lie with the party seeking the CONFIDENTIAL designation. Disputed material shall remain CONFIDENTIAL MATERIAL under the terms of this Stipulation and Confidentiality Order until the Court rules on such motion.

16. Within thirty (30) days of final termination of this action and the expiration of any time for appeal, all documents, information and materials designated or treated as CONFIDENTIAL MATERIAL pursuant to this Stipulation shall promptly be returned to the producing party or its counsel, or disposed of pursuant to agreement of the parties, except that counsel shall be entitled to retain all memoranda or other documents prepared by counsel

embodying information derived from any such materials for the purpose of preserving a file on this action.

17. This Stipulation shall be binding upon the parties hereto, upon their counsel of record, and upon their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents and independent contractors.

18. This Stipulation is effective retroactively and shall survive the conclusion of this Action.

Agreed to this _31_ day of August, 2004.

| **Deurward Hughes** | **Martha's Vineyard Hospital** |
|---|---|
| By his attorney, | By its attorneys, |
| /s/ Stephen Schultz | /s/ Jennifer A. Brennan |
| Stephen Schultz, Esq.<br>Engel & Schultz, P.C.<br>125 High Street<br>High Street Tower<br>Suite 2601<br>Boston, MA 02110<br>(617) 951-9980 | Thomas E. Shirley, Esq.<br>Jennifer A. Brennan, Esq.<br>Choate, Hall & Stewart<br>53 State Street<br>Boston, MA 02109-2891<br>(617) 248-5000 |