UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * *   *
                                     *
DEURWARD L. HUGHES, MD,              *
          Plaintiff                  *
                                     *           CIVIL ACTION # 04 10565 DPW
     -vs-                            *
                                     *
MARTHA'S VINEYARD                    *
HOSPITAL                             *
          Defendant                  *
                                     *
* * * * * * * * * * * * * * * * * *   *
```

**Memorandum in Support of Plaintiff's Motion to Compel
Further Answers in Response to Plaintiff's First Set of Interrogatories to
the Defendant Martha's Vineyard Hospital**

Statement of Facts

Plaintiff incorporates by reference the Statement of Facts set forth in the *Memorandum in Support of Plaintiff's Motion to Compel Further Production of Documents  in Response to Plaintiff's First Request for the Production of Documents from the Defendant Martha's Vineyard Hospital.*

Statement of the Case

Plaintiff incorporates by reference the Statement of the Case set forth in the *Memorandum in Support of Plaintiff's Motion to Compel Further Production of Documents  in Response to Plaintiff's First Request for the Production of Documents from the Defendant Martha's Vineyard Hospital.*

-1-

<u>Argument</u>

I.    INTERROGATORIES SEEKING INFORMATION RELEVANT TO SHOWING A
PATTERN OF DISCRIMINATION (Interrogatories #s 12, 16)


<u>Interrogatory Question # 12</u>

Please identify all efforts undertaken by the Hospital in the past three years to identify and hire
new minority staff, including but not necessarily limiting your answer, to all efforts to identify
and hire new minority doctors, nurses, officers and administrative staff.

<u>Interrogatory Answer # 12</u>

        The Hospital objects to this Interrogatory on the ground that it is vague and seeks
information that is not relevant or reasonably calculated to lead to the discovery of admissible
evidence.  Subject to and without waiving its General or Specific objections, the Hospital states
that when hiring physicians, the Hospital typically uses a search firm to conduct its initial
candidate search and review.  The search firm is instructed to forward resumes for all qualified
candidates to the Hospital for consideration.  Answering further, the Hospital states that it is an
equal opportunity employer and makes every effort to recruit and retain a diverse staff.

<u>Interrogatory Question # 16</u>

Please identify the total number of nurses on active staff and the total number of minority nurses
(i.e. blacks, Hispanics, native-Americans and Brazilians) on active staff in calendar years 2000,
2001, 2002, 2003 and 2004, including but not necessarily limiting your answer, to the total
number of nurses on active staff for each year and the names of the minority nurses on staff, as
well as a notation of why you consider any nurses so identified to be a minority.

<u>Interrogatory Answer # 16</u>

        The Hospital objects to this Interrogatory on the ground that it is overbroad, unduly
burdensome and seeks information that is not relevant or reasonably calculated to lead to the
discovery of admissible evidence.  The Hospital further objects to this Interrogatory on the
ground that it seeks confidential information concerning individuals not parties to this
proceeding.

<u>Plaintiff's Argument Relating to Interrogatory Question #s 12, 16</u>

        Interrogatory # 12 all efforts the Hospital has made to hire minority staff.  Defendant

limits its even its vague response (it fails to identify a single effort it has made) to the hiring

-2-

process for doctors alone.  Interrogatory # 16 seeks information relating to the racial composition

of the nursing staff.    Dr. Hughes cannot recall ever working with a single minority staff nurse at

the Hospital and seeks to discover whether there were in fact any minority nurses on staff at the

Hospital.

The Hospital objects on the grounds of relevance.   The relevance of information

establishing a pattern of discrimination is fully discussed in *Plaintiff's Memorandum Supporting*

*its Motion to Compel the Further Production of Documents at pp. 7-9.*

The Hospital also objects on the ground that the Interrogatory "seeks information

concerning individuals not parties to this proceeding."  While not accepting that the racial

composition of the nursing staff is "confidential" information, plaintiff notes that the parties have

signed a Confidentiality Agreement which would fully satisfy the Hospital's concerns, even if

they were legitimate.

The Hospital objects to every question as overbroad and burdensome.  As the Court

stated in *In re One Bancorp Sec. Litigation,* 134 F.R.D. 4, 11 (D. Me. 1991), the burden is on the

party making the objection to show why it is unreasonably burdensome to provide requested

discovery.  The Hospital has not even attempted to do so.

V.      INTERROGATORY QUESTIONS SEEKING INFORMATION RELATING TO THE
        FAVORABLE TREATMENT OF JASON LEW, M.D. (Interrogatory #s 21 and 22)

Interrogatory Question # 21

Please state the terms and circumstances under which Jason Lew resigned and/or his practice
was bought by the Hospital, including but not necessarily limiting your answer to, identifying the
amount and terms of any money paid to Dr. Lew, what, if anything, was received by the Hospital
in exchange for the money paid, whether or not Dr. Lew there was a discussion with Dr. Lew
regarding whether his privileges might not be renewed before he resigned,  and the basis of the
Hospital's belief that the value of what was received from Dr. Lew was equivalent to the amount
of money paid Dr. Lew.

Interrogatory Answer # 21

The Hospital objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims at issue in this dispute or reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory Question # 22

Please identify all procedures performed by Dr. Lew at the Hospital for which the Hospital investigated whether Dr. Lew kept accurate records and/or whether he billed insurance, medicare and/or medicaid in a misleading or fraudulent manner, including, but not necessarily limiting your answer, to the number of cases investigated, the nature of each investigation, the dates that the investigation(s) were conducted, the number of cases in which the Hospital concluded that Dr. Lew acted in less than a forthright manner and the reasons why the Hospital concluded in any specific incident that Dr. Lew acted in less than a forthright manner.

Interrogatory Answer # 22

The Hospital objects to this Interrogatory on the ground that it is overbroad, unduly burdensome and seeks information that is not relevant to the claims at issue in this dispute or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's Argument Relating to Interrogatory Question # s 21 and 22

Dr. Hughes contends that he was terminated, while Jason Lew, M.D., the other OB/GYN with Hospital staff privileges, was retained by the Hospital. Dr. Lew is Caucasian and younger than Dr. Hughes. Upon information and belief, Dr. Lew was afforded this favorable treatment despite the fact that unlike Dr. Hughes, who is board certified, (1) Dr. Lew had failed his boards on at least three occasions, (2) the American College of Obstetricians and Gynecologists ("ACOG") performed a comprehensive review and report of OB/GYN practice at the Hospital which questioned the quality of care being conducted by Dr. Lew, and (3) questions had been raised about alleged fraudulent billing practices by Dr. Lew. Dr. Lew eventually resigned from the Hospital after Dr. Hughes was terminated.

The Hospital contends that questions relating to Dr. Lew are not relevant.  They have argued that Dr. Lew was not on active staff, like Dr. Hughes, and thus his treatment cannot be compared to the treatment of Dr. Hughes.  The Hospital fails to note that, while not on active staff, Dr. Lew had full staff privileges and was assigned to key committee assignments, such as the Medical Executive Committee on which he was an officer, to which Dr. Hughes was never assigned.  Dr. Hughes seeks to discover in Question #s 21 and 22 information relating to the terms on which Dr. Lew was allowed to resign (believed to be far more favorable than the terms under which Dr. Hughes was terminated) and the Hospital's knowledge of allegations of fraudulent activity against Dr. Lew at the time that Dr. Lew, upon information and belief, was allowed to resign under favorable terms.

Conclusion

For the reasons stated in this Memorandum, Plaintiff's Motion to Compel Further Answers to Interrogatories should be allowed.

BY PLAINTIFF'S ATTORNEY,

s/Stephen Schultz
Stephen Schultz, Esq.
BBO# 447680
Engel & Schultz, P.C.
125 High Street, Suite 2601
Boston, MA 02110
(617) 951-9980 (Tel)
(617) 951-0048 (Fax)

Date:October 25, 2004

Certificate of Service

I hereby certify that I served a copy of the above-entitled document on counsel of record for defendant in the case by hand on this 25th day of October, 2004.

s/Stephen Schultz
Stephen Schultz