# Exhibit 1

**Page 1**

```
 1                    Volume: I
 2                 Pages: 1 to 305
 3                 Exhibits: 1 to 53
 4          UNITED STATES DISTRICT COURT
 5     DISTRICT OF MASSACHUSETTS OF MASSACHUSETTS
 6    -------------------------x
 7    DEURWARD L. HUGHES, M.D.,
 8         Plaintiff,
 9         v.              Civil Action No.
10    MARTHA'S VINEYARD HOSPITAL,    04 10564
11         Defendant.
12    -------------------------x
13       DEPOSITION OF DEURWARD L. HUGHES, M.D.
14          Tuesday, February 15, 2005
15                 9:34 a.m.
16            Martha's Vineyard Hospital
17              One Hospital Road
18            Oak Bluffs, Massachusetts
19
20    Court Reporter: Carolyn Haddox, RPR
```

Carolyn Haddox, RPR
(508)420-5691

**Page 2**

```
 1    APPEARANCES:
 2       ENGEL & SCHULTZ, P.C.
 3       By: Stephen Schultz, Esq.
 4       125 High Street, Suite 2601
 5       Boston, Massachusetts 02110
 6       (617)951-9980
 7       sschultz@engelschultz.com
 8       On behalf of the Plaintiff.
 9
10       CHOATE, HALL & STEWART
11       By: Thomas E. Shirley, Esq.
12       Exchange Place
13       53 State Street
14       Boston, Massachusetts 02109
15       (617)248-5000.
16       tshirley@choate.com
17       On behalf of the Defendant.
18
19    ALSO PRESENT:
20       Kenneth Chisholm
```

Carolyn Haddox, RPR
(508)420-5691

**Page 3**

```
 1                  INDEX
 2   Examination of:              Page
 3   DEURWARD L. HUGHES, M.D.
 4   By Mr. Shirley                 7
 5
 6              EXHIBITS
 7   No.                          Page
 8   1  Curriculum Vitae            9
 9   2  Letter dated May 26, 2000  11
10   3  Letter dated May 10, 2000  13
11   4  Letter dated July 21, 2000 16
12   5  Application for Medical Staff  18
13   6  Letter dated December 15, 2000  26
14   7  Letter dated January 10, 2001   28
15   8  Letter dated February 23, 2001  31
16   9  Letter dated March 30 2001  36
17   10 Letter dated April 9, 2001  40
18   11 Letter dated May 17, 2001   45
19   12 Letter dated June 27, 2001  57
20   13 Letter dated July 2, 2001   59
21   14 Business minutes            60
22   15 Letter dated July 10, 2001  61
23   16 Letter dated July 13, 2001  62
```

Carolyn Haddox, RPR
(508)420-5691

**Page 4**

```
 1              EXHIBITS
 2   No.                          Page
 3   17 Letter dated July 18, 2001  66
 4   18 Letter dated July 26, 2001  67
 5   19 Letter dated July 29, 2001  69
 6   20 Letter dated July 31, 2001  73
 7   21 Employment Agreement        74
 8   22 Joint Conference Committee document  86
 9   23 Martha's Vineyard Hospital Application
10      for Reappointment           97
11   24 Business minutes           101
12   25 Letter dated February 19, 2002  118
13   26 Letter dated February 25, 2002  121
14   27 Personnel Action Form      127
15   28 Letter dated April 12, 2002  138
16   29 Letter dated April 12, 2002  141
17   30 Letter dated April 22, 2002  141
18   31 Letter dated April 23, 2002  142
19   32 Letter dated April 23, 2002  143
20   33 Letter dated 4/25/2002     149
21   34 Memo dated May 29, 2002    150
```

Carolyn Haddox, RPR
(508)420-5691

A. The cases that they sent to the board, there's no way that they could be confused with a question of quality of care because they -- every one of them, they lied. I mean, purely, they lied.

Q. And how do you know that?

A. They sent me the cases and what they said. I got the cases. They sent all ten of the cases to me with the allegations that these physicians made, and I had to respond to all of them. But they were just not true. It wasn't a mistake. You couldn't mistake what they said. They lied.

Q. And you believe they lied because of your age?

A. Yes.

Q. Did any one of those three physicians say or do anything beyond their submission of the report and the lies that they made in connection with that that caused you to conclude that they were lying specifically because of your age?

A. I can't recall anything else at the moment.

Q. Can you recall any other ways in which you believe you were the subject of age discrimination in 2002?

A. At the moment, I cannot recall any others.

Q. And I believe you've already told me that taking more time would not likely assist your recollection?

A. I don't think so.

Q. Okay. Let me pose the same question to you relative to race discrimination in calendar year 2002. Specifically, do you believe that anyone discriminated against you because of your race during that calendar year?

A. I do not.

Q. Let's turn then to 2003, if we could. Doctor, I believe you've correctly asserted that on or about April 1 of 2003, Martha's Vineyard Hospital ran an advertisement for a hospital employee OB/GYN department chairperson; is that correct?

A. Yes.

Q. When did you first learn of that advertisement?

Carolyn Haddox, RPR
(508)420-5691

175

A. When that journal came out.

Q. Did you yourself see it?

A. Yes.

Q. What, if anything, did you do after seeing it?

A. After seeing it, I believe, if I recall correctly, shortly after that, I picked up the phone and called the recruiter and applied for the job.

Q. Do you recall who the recruiter was?

A. I don't remember his name.

Q. And this was a telephone conversation?

A. Yes.

Q. Please tell me as best you can remember what you said to him and what he said to you.

A. I said, I would like to apply for the job. I gave him my name and where I was, and he said, I'm sorry, I was informed that you cannot apply for the job, I'm not to interview you for this job. I said, Why? He said, That's what I was informed, and I will check again with -- I believe he said Mr. Walsh -- and see

176

what he says. But he never got back to me.

Q. What, if anything, did you do after that call to follow up on the advertisement?

A. At some point -- I can't give you the exact date -- I went to Mr. Walsh and asked him what was going on and what was my role in the future of this institution.

Q. Do you recall approximately when you had that meeting with Mr. Walsh?

A. I can't recall exactly. I have it written somewhere, but I can't recall. It was shortly after these advertisements began to appear.

Q. Was anybody else present for that meeting?

A. No.

Q. Was it in his office?

A. Yes.

Q. Please tell me as best you can recall what each of you said in the course of that meeting.

A. I had two meetings with him, and I can't -- I think it was the second one that it went further. I think after that, I just left, I

Carolyn Haddox, RPR
(508)420-5691