UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DEURWARD L. HUGHES, MD,             )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   CIVIL ACTION NO. 04 10564 DPW
                                    )
MARTHA'S VINEYARD HOSPITAL,         )
                                    )
            Defendant.              )
_____)

**Plaintiff Deurward L. Hughes' Supplemental Opposition
to Defendant Martha's Vineyard Hospital's
Motion for Summary Judgment**

Pursuant to the Order of the Court issued at oral argument on September 27, 2005, plaintiff submits this Supplemental Opposition relating to the admissibility of the statement of Earle Ray to Donald Lyons.

**Statement of Facts**

Shortly after Martha's Vineyard Hospital terminated the plaintiff Dr. Hughes, Donald Lyons attended a meeting with Earle Ray, a member of the defendant Hospital's Board of Trustees. *Lyons Aff., ¶ 3.* Mr. Lyons had known Mr. Ray for many years. *Id.* Mr. Lyons asked Mr. Ray why Dr. Hughes had been terminated. *Id., ¶ 4.* Mr. Ray told Mr. Lyons, among other things, that the Hospital wished to go with someone who would be around for the long haul. *Id.*

According to Hospital CEO Tim Walsh, he would not terminate a doctor without first reporting to the Board that he was going to do so. *Schultz Aff., Ex. 4 (Walsh Dep.) at 14-15.* According to the Martha's Vineyard Hospital's Medical Staff Organizational Manual, the

Hospital's Board of Trustees has the "overall responsibility for the conduct" of the Hospital.

*Schultz Aff., Ex. 17, at MVH 1271.*

**Argument**

I.     THE STATEMENT OF MR. RAY IS ADMISSIBLE AGAINST THE HOSPITAL AS A STATEMENT OF A PARTY-OPPONENT.

FRE 801(d)(2) provides in relevant part:

> (d) **Statements which are not hearsay.**  A statement is not hearsay if –
>
> > (2) **Admission by party-opponent.**  The statement is offered against a party and is (A) the party's own statement , in either an individual or representative capacity or . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

Mr. Ray's statement to Mr. Lyons is admissible under both subsection (A) and subsection (D) of FRE 801(d)(2).

Members of the Board of Directors represent the Hospital, as they have overall responsibility for the conduct of the Hospital, and thus Mr. Ray's statement is admissible under subsection (A) of FRE 801(d)(2).  In *Bensen v. American Ultramar Ltd.,* 1996 WL 422262, * 12 (S.D.N.Y.), the court held that a member of the Board of Directors of a corporation was in such a position of authority as "to allow him to speak in a representative capacity for the corporation", thus rendering his statements admissible as a party admission pursuant to FRE 801(d)(2)(A).

Pursuant to FRE 801(d)(2)(D), the First Circuit in *Larch v. Mansfield Electric Dept.*, 272 F.3d 63, 72 (1st Cir. 2001) , admitted statements from a deceased Commissioner of the defendant Electric Department, despite the fact that the statements were neither authorized by the Department nor made for the purpose of furthering its interests.  The Court declared:

> To qualify as nonhearsay under Rule 801(d)(2)(D), a statement must concern "a matter within the scope" of the declarant's agency or employment. The statement itself is not required to be "within the scope of the declarant's agency. Rather, it need only be shown that the statement be related to a matter within the scope of the agency."
> 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 801.33[2][c], at 801-69 (2d ed.2001) (footnotes omitted).

In this case, while Mr. Ray's comments were unquestionably not authorized by the Board of Trustees nor were they made for the purpose of furthering its interests, they nevertheless related to a matter within the scope of his authority, i.e. his overall responsibility for the conduct of the Hospital.

In the case of *Vazquez v. Lopez-Rosario,* 134 F.3d 28 (1st Cir. 1998), the First Circuit found that statements of a member of a Board of Directors to be admissions of a party-opponent rather than hearsay. Judge Lynch held for the Court:

> [T]he statement of Gonzalez, a PRMSA Board member, that "the pressure was too strong" to reverse the decision is not hearsay, as Gonzalez was clearly an agent of PRMSA. Thus, Gonzalez's statement can properly be used to prove the truth of the matter asserted, i.e., that he felt under "pressure" not to reverse the PRMSA decision.

The Fourth Circuit has found statements of members of a board to be admissions of a party-opponent in a discrimination case. In *Wilkerson v. Columbus Separate School District,* 985 F. 2d 815, 818 (5th Cir. 1993), the court declared that statements of members of the school board could be considered against the defendant district in a discrimination case because the members of the board were the school district's agents.

<u>Conclusion</u>

For the reasons stated in this Supplemental Opposition, Earle Ray's statement to Donald Lyons regarding plaintiff's termination is admissible evidence and should be considered in deciding defendant's Motion for Summary Judgment.

(here)

BY PLAINTIFF'S ATTORNEY,

/s Stephen Schultz
Stephen Schultz, Esq., BBO # 447680
Engel & Schultz, P.C.
125 High Street, Suite 2601
Boston, MA 02110
(617) 951-9980 (Tel)
(617) 951-0048 (Fax)

Date: September 28, 2005

Certificate of Service

I, Stephen Schultz, hereby certify that a true and accurate copy of the above named document was served upon all counsel of record by first class mail and email, on September 28, 2005.

/s Stephen Schultz
Stephen Schultz