UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DEURWARD L. HUGHES, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04 10564 DPW |
| | ) | |
| MARTHA'S VINEYARD HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION

Plaintiff asserts that the statement of Earle Ray ("Mr. Ray") is admissible against Defendant under Federal Rules of Evidence 801(d)(2)(A) and (D), which provide in relevant part as follows:

> **Statements which are not hearsay.** A statement is not hearsay if –
>
> > **Admission by party-opponent.** The statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity or ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

To the extent that this Court needs to consider Massachusetts law which respect to Plaintiff's state law claims, it appears that Massachusetts and federal law are substantially aligned. See Rusyck v. Secretary of Public Safety, 401 Mass. 418 (1988); Liacos, Handbook of Massachusetts Evidence (1999) at § 8.8.6(a).

### ARGUMENT

Plaintiff is mistaken with respect to both Rule 801(d)(2)(A)'s and (D)'s applicability.

3990997v1

Rule 801(d)(2)(A) does not apply because Mr. Ray's statement was not made "in a representative capacity." This is in marked contrast to the statement made by the director in Benson v. American Ultramar Limited, 1996 WL 422262 (S.D.N.Y.), which was made in the course of a board meeting.

In order to introduce Mr. Ray's statement under Rule 801(d)(2)(D), Plaintiff must establish, by a preponderance of the evidence, (1) that an agency relationship existed; (2) that the statement was made during the course of the relationship; and (3) that the statement related to matters within the scope of the agency. See, e.g., Gomez v. Rodriguez, 344 F.3d 103, 116 (1st Cir. 2003); Larch v. Mansfield Municipal Electric Department, 272 F.3d 63, 72 (1st Cir. 2001).

Plaintiff cannot meet the third part of this test here. The termination of employees by Defendant was the exclusive responsibility of its Chief Executive Officer, not its Board. Mr. Ray testified on this point as follows:

> Q: ... what, if any, role does the Board of Trustees play regarding the termination of doctors on the hospital staff?
>
> A: None.
>
> ***
>
> A: ...It's not the role of the board to hire nor to terminate employees of this hospital, whether they're employee physicians, nurses, support staff.
>
> Q: You would give the same answer whether or not the decision by the chief executive officer was not to renew a contract or whether his decision was to terminate a contract pursuant to a six month's notice provision prior to its termination date; is that correct?
>
> A: It's not our position to make those decisions, no.

See Shirley Supplemental Affidavit filed herewith at Tab 1.

This testimony is in keeping with all other evidence in the record: that Timothy

3990997v1

Walsh, the Defendant's Chief Executive Officer, was the decisionmaker with respect to Plaintiff's termination.

Finally, apart from its hearsay nature, Mr. Ray's alleged statement should be excluded under Rule 403. The sole reference to it is contained in the affidavit of Donald Lyons ("Mr. Lyons"), a copy of which is enclosed at Shirley Supplemental Affidavit Tab 2 for ease of reference. This affidavit states that Mr. Lyons is a neighbor of Plaintiff's; that Mr. Lyons and Mr. Ray attended a meeting;[1] and that Mr. Lyons asked Mr. Ray why Plaintiff had been terminated. Mr. Lyons's description of the answer, in its entirety, reads as follows: "He told me, among other things, that the hospital wished to go with someone who would be around for the long haul."

This kind of statement has no probative value. Its potential prejudice to Defendant is great. For these additional reasons, as well as those previously set forth in Defendant's principal and reply memoranda at pages 16-17 and 7, respectively, it should be excluded. The fact that it is inadmissible hearsay only underscores this conclusion.

---

[1] There is no suggestion that the purpose of this meeting related in any way to either Plaintiff or Defendant.

3990997v1

## CONCLUSION

For the foregoing reasons, Mr. Ray's statement is inadmissible and should not be considered in deciding Defendant's Motion for Summary Judgment.

Respectfully submitted,

MARTHA'S VINEYARD HOSPITAL

By its attorneys,

/s/Thomas E. Shirley
Thomas E. Shirley, Esq. (BBO # 542777)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

Dated: October 4, 2005

3990997v1