# Tab 1

1

Pages:   1-57

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-10564-DPW

*****************************************

DEURWARD L. HUGHES                    *

    Plaintiff                         *

vs.                                   *

MARTHA'S VINEYARD HOSPITAL            *

    Defendant                         *

*****************************************


DEPOSITION of EARLE A. RAY, a Witness called by the Plaintiff, taken pursuant to the provisions of the Federal Rules of Civil Procedure, before Peter J. Wood, a Professional Court Reporter and Notary Public in and for the Commonwealth of Massachusetts, at Martha's Vineyard Hospital, Martha's Vineyard, Massachusetts, on Friday, February 18, 2005, commencing at 10:50 a.m.


WOOD COURT & CONFERENCE REPORTING
77 SUMMER STREET
COHASSET, MA 02025
(781) 383-6621

9

| | | |
|---|---|---|
| 1 | | hospital? |
| 2 | A | None. |
| 3 | Q | Is it brought to the attention of the board that |
| 4 | | a doctor was going to be hired prior to the |
| 5 | | doctor being hired? |
| 6 | A | Possibly. |
| 7 | Q | Has that occurred during your tenure? |
| 8 | A | You'd have to rephrase the question. I'm not |
| 9 | | sure what you're asking me. |
| 10 | Q | Let me move on. What, if any, role does the |
| 11 | | board of trustees play regarding the termination |
| 12 | | of doctors on the hospital staff? |
| 13 | A | None. |
| 14 | Q | Is the board consulted prior to a doctor being |
| 15 | | terminated? |
| 16 | A | No. |
| 17 | Q | If there are any problems that the administration |
| 18 | | is experiencing or that the hospital is |
| 19 | | experiencing with a doctor, would those problems |
| 20 | | be brought to the attention of the board? |
| 21 | | MS. EDSON: Objection. |
| 22 | A | Possibly. |
| 23 | Q | Can you relate all instances that you can recall |
| 24 | | in your 11 years of problems with doctors that |

29

1  Q  Has the chief executive officer, during your 11
2     years, terminated doctors on active staff without
3     consulting the board?
4  A  Again I'm going to ask for clarification. I
5     don't know what you mean by terminate.
6  Q  Let's ask has the chief executive officer not
7     renewed a contract of a doctor on the active
8     staff without consulting the board?
9  A  Yes.
10 Q  What doctors can you recall the chief executive
11    officer doing that?
12 A  I believe Dr. Hughes' contract was not extended.
13    If I'm not mistaken, I think perhaps Dr.
14    Eisenstadt's contract was not extended, but I'm
15    not sure of that.
16 Q  Are those the only two doctors you can recall at
17    this time?
18 A  Whose contracts were not --
19 Q  Extended without consulting the board.
20 A  In all of those contracts which may have not been
21    extended were done by the chief executive
22    officer. It's not the role of the board to hire
23    nor to terminate employees of this hospital,
24    whether they're employee physicians, nurses,

WOOD COURT & CONFERENCE REPORTING

30

1   support staff.
2  Q  You would give the same answer whether or not the
3     decision by the chief executive officer was not
4     to renew a contract or whether his decision was
5     to terminate a contract pursuant to a six months'
6     notice provision prior to its termination date;
7     is that correct?
8  A  It's not our position to make those decisions,
9     no.
10 Q  Do you know who first suggested that Dr. Hughes
11    be terminated?
12        MS. EDSON:  Objection.
13 A  Again, I'm not aware that Dr. Hughes was
14    terminated.
15 Q  Let's accept the premise that he was terminated
16    prior to the three-year term of his contract, and
17    so --
18 A  I have no knowledge of that.
19 Q  Again, please accept the assumption that he was
20    terminated.  My question is do you know who first
21    suggested that Dr. Hughes be terminated?
22        MS. EDSON:  I'm going to object to that
23    assumption, but for the purposes of this
24    deposition, if you know the answer, go ahead.

WOOD COURT & CONFERENCE REPORTING